THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* COFRESÍ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in a Prosecution for Conspiracy.

No. 845.—Decided July 9, 1915.

CONSPIRACY—ARSON—EVIDENCE.—Francisco Cofresí was the owner of a shop and Bernabé Acevedo was one of his clerks. The only proof against Acevedo was that he lived behind the shop; that on the night of the fire both defendants stayed in the shop after every one else had left, and that when the defendants were asked by the *fiscal* to explain the presence of incriminating combustible materials they kept silent. *Held:* That this, at most, would be very scant proof that Acevedo aided Cofresí in the preparation for the fire, but it would not prove that Acevedo consciously aided Cofresí to commit a crime and as there were two defendants and the cooperation of one is lacking, there is no proof of conspiracy.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellants.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a charge against Francisco Cofresí and Bernabé Acevedo for conspiracy to set fire to insured goods. Various questions are raised which it is unnecessary to consider, as the case must be reversed because of the fatal defect of not

proving the conspiracy. For the sake of argument it may
be assumed that there was proof tending to show that Fran-
cisco Cofresí was guilty of having set fire to his goods to
obtain • the insurance money, a crime prohibited by section
478 of the Penal Code. Cofresí was the owner of a shop
and Bernabé Acevedo was one of his clerks. The only proof
against Acevedo was that he lived behind the shop; that on
the night of the fire which took place Cofresí and Bernabé
stayed in the shop after everyone else had left, and that when
the defendants were asked by the *fiscal* to explain the pres-
ence of incriminating combustible materials they kept silent.
This would at most be very scant proof, if any, that Bernabé
aided or abetted Crofesí in some vague or indefinite manner
in the preparation for the fire. It would not prove that Ber-
nabé consciously aided Cofresí to commit a crime. He might
even have done acts under the orders of Cofresí and still not
be *particeps criminis.* The clerk might even have a suspicion
or a knowledge of his principal's guilty intentions. Of any
overt act; of any meeting of minds, express or tacit; of any
combination or collusion between Cofresí and Bernabé, there
is not the slightest proof, direct or circumstantial.

The trouble that we find in many of our cases is that the
prosecuting officers, fearing that juries will not convict for
arson or similar crimes, seek to dispense with a jury by bring-
ing charges for conspiracy, a crime that is frequently very
difficult to prove. If juries in any community will not con-
vict for arson the result will soon be felt by the whole com-
munity. Property will be destroyed for various motives. In-
surance companies will not insure or else the rates will become
prohibitive to the ordinary person. It must be a peculiar
community that will long tolerate such abuses or be indulgent
of the jurymen as citizens who fail to convict where arson
has in fact been committed. At one time it was thought that
juries would not hang for murder, or condemn for perjury
or subornation, but the fact has been shown to be otherwise.

The judgment must be reversed and the prisoners discharged without-prejudice to the filing of another information against the defendant Cofresí.

*Reversed and defendants discharged.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.